IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Raefell M. Buchanan,           )
                               )
         Plaintiff,            )
                               )
     v.                        )    Case No. 14 C 27
                               )
Thomas Dart, et al.,           )
                               )
         Defendants.           )

<u>MEMORANDUM ORDER</u>

Raefell M. Buchanan ("Buchanan") has employed the printed form that the Clerk's Office makes available for use by prisoners advancing claims under 42 U.S.C. § 1983 ("Section 1983") to sue Sheriff Tom Dart for the asserted violation of his constitutional rights and to sue Sheriff Dart, Cook County, the Cook County Sheriff's Department and perhaps the Cook County Department of Correction ("County Jail") under the auspices of the Americans with Disabilities Act and the Rehabilitation Act.  Buchanan has accompanied his Complaint with two other Clerk's-Office-supplied printed documents:  an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

To begin with those latter documents, the Application includes Buchanan's signature with a date of August 5, 2013 and a certificate from the fiscal representative at the County Jail dated October 3, 2013.  By definition that submission does not comply with the 28 U.S.C. § 1915 ("Section 1915") requirement

that information be provided as to transactions in a prisoner's trust account "for the 6-month period immediately preceding the filing of the complaint" (Section 1915(a)(2)): Although the early portion of that period has been covered, the insufficiency of the printout is obvious.[1]

Accordingly Buchanan is ordered to supplement his submission of the Application with another printout covering the time frame between October 1 and the date on which his Complaint is treated as having been filed. For that purpose, although his documents were not received in the Clerk's Office until January 2, 2014 he is entitled to the benefit of the "mailbox rule," under which his lawsuit is treated as having been filed on the earlier date when he placed the documents in the mail himself or tendered them to the County Jail authorities for transmission to this District Court. When this Court has the necessary information in hand, it will be in a position to act on Buchanan's Application.

Meanwhile it is obvious that Buchanan will qualify for the special type of in forma pauperis ("IFP") status that Section 1915 specifies for persons in custody, under which they are not required to pay the $350 filing fee up front but are called on to pay the fee in future installments. Because Buchanan's substantive allegations appear on their face to satisfy the

---

[1] It is equally puzzling that Buchanan's hand-printed portion of the Complaint is also dated August 5, although one of the Complaint's exhibits bears an October 3 date.

"plausibility" requirement of the Twombly-Iqbal canon, and because Buchanan's Motion satisfies our Court of Appeals' requirement that such a plaintiff must make a showing as to the efforts made to obtain counsel on his or her own, this Court has obtained the name of this member of the trial bar to represent Buchanan pro bono publico:

> Ian Howard Fisher
> Schopf & Weiss LLP
> 1 South Wacker Drive Drive
> 28th Floor
> Chicago, IL  60606
> (312)701-9300

In addition, this action is set for an initial status hearing at 9 a.m. on March 11, 2014 pursuant to this Court's contemporaneously issued memorandum order.  Even though Buchanan's designated counsel will be expected to make his own determinations as to the handling of the case, he should be advised that this Court's view is that neither the Cook County Sheriff's Department nor the Cook County Department of Corrections is a suable entity, while the responsibility or the County Jail is vested in Sheriff Dart and not Cook County, so it would seem likely that Sheriff Dart should be the sole target of this lawsuit.

_____
Milton I. Shadur
Senior United States District Judge

Dated: January 9, 2014.