# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RAETELL M. BUCHANAN**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 C 27 |
| **THOMAS DART**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Raetell Buchanan ("Buchanan"), a detainee at the Cook County Department of Corrections ("Cook County Jail"), originally filed suit pro se -- but without complying with his obligation to support his In Forma Pauperis Application ("Application") with the information required by 28 U.S.C. § 1915 ("Section 1915"). Although this Court's January 9, 2014 memorandum order ("Order 1") designated counsel to represent Buchanan pro bono publico, that same order apprised Buchanan of the deficiency attendant on his Application. Then nearly two months passed without Buchanan complying with Order 1, so this Court issued a February 26 memorandum order ("Order 2") repeating its earlier directive.

Now the counsel whom this Court designated to represent Buchanan in Order 1 has just tendered a Trust Account Statement reflecting all transactions in Buchanan's trust fund account at the Cook County Jail for the period from March 31, 2013 to March 4, 2014. But this Court cannot carry out its responsibility to make the Section-1915-directed calculation because Buchanan has still ignored the point that both Order 1 and Order 2 have made about the total uncertainty as to what six-month period should be considered for that purpose -- the other essential ingredient that Section 1915(a)(2) prescribes. As this Court has noted, Buchanan dated

his complaint August 5, 2013 -- but that can't be right because the last-dated Inmate Grievance form attached as a Complaint exhibit carries a September 10, 2013 stamp reflecting its receipt by Cermak Health Services, then an October 3, 2013 date on which Buchanan confirmed having received the response to that grievance.  And in turn that later date doesn't even begin to suggest an explanation of why the Complaint and Application were not received in this District Court's Clerk's Office until three months later -- on January 2, 2014.

In light of that unexplained timetable, Order 1 expressly referred to Buchanan's being "entitled to the benefit of the 'mailbox rule,' under which his lawsuit is treated as having been filed on the earlier date when he placed the documents in the mail himself or tendered them to the County Jail authorities for transmission to this District Court."  That message was repeated in Order 2, but Buchanan has simply ignored it once again.

In light of that protracted and unexplained delinquency on Buchanan's part, Order 2 understandably concluded by giving him a March 17 drop-dead date on pain of the possible dismissal of his action for want of prosecution.  But because he has at least responded in part to Orders 1 and 2, that date will be extended by another 10 days (to March 27).  Buchanan is notified, however, that no further extensions will be granted to allow him to cure his "obligation to comply with, and not to ignore, Court orders."

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  March 11, 2014