**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RAEFELL M. BUCHANAN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 27 |
| | ) | |
| **THOMAS DART**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Several of the defendants (collectively self-characterized as "the County Defendants") in

this action brought by Raefell Buchanan ("Buchanan") have just filed their Answer to

Buchanan's Second Amended Complaint ("SAC"). This memorandum order is issued sua sponte

because of one problematic aspect of that responsive pleading -- its several purported

Affirmative Defenses ("ADs") that follow the Answer itself. Here are the problems that this

Court has noted:[1]

1. AD 1 cites the seminal opinion in <u>City of Newport v. Fact Concerts</u>, 453

U.S. 247 (1981) for the proposition that "Local governments are immune

from punitive damages liability under § 1983." To begin with, the

"County Defendants" include a number of individuals as well as Cook

County itself, so that the global statement about immunity does not apply

across the board -- but more importantly, SAC ¶ 83 seeks punitive

---

[1] What is said here is not intended to be exhaustive -- if Buchanan's counsel were to raise
other issues not addressed in this memorandum order, those issues would of course be dealt with
in the regular course.

damages <u>only</u> "against individual Defendants."  So AD 1 asserts nothing of consequence at all, and it is stricken.

2.      AD 2 addresses the totally speculative premise that Buchanan may have failed to mitigate damages.  That boilerplate objection (its boilerplate nature is perhaps best evidenced by the AD's reference to "Plaintiffs" in plural terms in a one-plaintiff case) is not really a present AD at all.  It too is stricken.

3.      AD 3 is likewise boilerplate and totally speculative (it begins "To the extent . . .," a sure tipoff to its wholly hypothetical nature).  AD 3 is stricken as well.

4.      AD 6 invokes 745 ILCS 10/4-105 to claim immunity for the County Defendants as to "Plaintiff's state law claim."  Because four of the SAC's five counts are framed in federal-question terms, it would appear that purported AD 6 targets only SAC Count V, which advances an intentional- infliction-of-severe-emotional-distress theory against a single defendant, Pca Baza -- and even as to that defendant the SAC allegations (which must be taken as true for AD purposes, see App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) make that statutory section inapplicable.  Hence AD 6 is stricken too.

5.      Lastly, AD 7 asserts a reserved right to name further affirmative defenses "as they become known through further discovery or otherwise in this action."  That "reservation" is simply meaningless and adds nothing to the corpus juris -- if, as and when future proceedings in the case may create a

legitimate possibility of an AD, that issue can be tendered by an appropriate motion. For the present, though, AD 7 plays no appropriate role in the pleadings, and it too is stricken.

One final observation is in order. Pleading is an important and integral part of the litigation process -- in the federal system of notice pleading it serves to identify any areas in which the litigants are on the same page as well as their areas of difference. For ADs to be presented in a thoughtless form or because they are a part of a form arsenal, as several aspects of the current ADs would appear to indicate, is indeed troubling.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 8, 2015