# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RAETELL M. BUCHANAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 27 |
| | ) |
| **THOMAS DART**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In this action brought by prisoner Raetell Buchanan ("Buchanan") to charge a number of defendants with violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act and Illinois common law (Buchanan is a paraplegic), his counsel have now responded to a motion by certain of those defendants to dismiss his Second Amended Complaint ("SAC") against them. Because the litigants have met head-on through defendants' motion and Buchanan's response, no reply is called for and the motion is ripe for decision.

Regrettably some aspects of the motion advanced by the Assistant State's Attorney ("ASA") who filed it display the same type of mechanistic and formulaic approach that had earlier been exhibited by another ASA who represented other defendants in the case and who had included an assorted hodgepodge of purported affirmative defenses in the Answer of those defendants to the SAC -- an effort that compelled this Court's issuance of a June 8, 2015 memorandum order that deep-sixed that ASA's thoughtless effort. Just as that earlier conduct led to an adverse result, that too is the consequence of the other misguided ASA's arguments on the current motion.

For starters, look at the effort by defendant Sheriff Thomas Dart and the correctional officers who have joined him in the current motion to jettison Buchanan's attempt to invoke the ADA and the Rehabilitation Act. There is of course no question that paraplegic Buchanan suffers a disability -- indeed, the very case on which defense counsel seeks to rely in his current motion, Wagoner v. Lemmon, 778 F.3d 586 (7th Cir. 2015), says of the prisoner plaintiff there that "Wagoner's paraplegia qualifies as a disability" (id. at 592). And as to the showing that the law requires of a disabled person, of course defendants' Fed. R. Civ. P. ("Rule") 12(b)(6) motion must treat Buchanan's well-pleaded allegations and reasonable inferences therefrom as the target for attack.

From that required perspective, the ASA's attempt to equate Buchanan's situation with that of the losing defendant in Wagoner (that loss was sustained at the summary judgment stage, rather than on the plaintiff's credited pleading allegations) is nothing short of callous. In that case the Court of Appeals based its holding on the fact that "Wagoner says only that he was inconvenienced with longer waits and humiliation, as when he had to call off the regular van because it did not accommodate his wheelchair" (id. at 593). Those "inconveniences" cannot fairly be likened (let alone equated) to what Buchanan's SAC says he suffered and the Rule 12(b)(6) motion must accept as true. It is really ironic that in an area of law in which liability is typically framed in terms of the defending clients' "deliberate indifference to serious medical needs," it is the defense lawyer who has exhibited such deliberate indifference.

As for the moving defendants' second ground of attack, one that challenges Buchanan's Monell-based claim, this Court typically seeks to discourage that line of pursuit by plaintiffs in cases before it because the basic purpose of the plaintiffs' approach -- to assure that any established liability for compensatory damages suffered as a result of official misconduct by

- 2 -

other defendants will be funded by the Monell defendant -- can be accomplished instead by an agreement to that effect, thus avoiding the time and expense invariably occasioned by such claims. But such a possible course can be left for the future, because at this threshold stage Buchanan's necessarily credited allegations (see SAC ¶¶ 11-14) have made the issue one for resolution as a factual matter, rather than the claim being trashed on the papers as a matter of law. In short, the current motion to dismiss has failed on both fronts.

## Conclusion

For the reasons stated in this opinion, the motion to dismiss offered up by Sheriff Dart and his cohorts (Dkt. No. 58) is denied in its entirety. Those defendants are ordered to answer the SAC on or before August 20, 2015. In the meantime the previously scheduled August 7 status hearing date will remain for purposes of discussing the future course of this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 30, 2015